IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID DOUGLAS FENNELL, | ) | Case No. 1:20-cv-00015-SMR-SBJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAN VAN HOUTEN, JOHN DOE #1 | ) | |
| (Buyer), JOHN DOE #2 (Title Company), | ) | |
| | ) | |
| Defendants. | ) | |

On May 7, 2020, Plaintiff David Douglass Fennell filed a pro se "Complaint and Request for Injunctive Relief." [ECF No. 1]. In that filing, Plaintiff raises very vague allegations that, without naming a cause of action, ultimately seek to prevent the sale of property in which he and others have some beneficial interest. *See id.* at 5. Plaintiff has paid the filing fee, but has not yet served Defendants with original notice of the lawsuit.

Pro se filings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and it appears that Plaintiff's filing, construed liberally, might seek immediate injunctive relief. To the extent that is true, such a request must be denied at this time. To obtain preliminary injunctive relief the plaintiff must either show he has served the other parties to the lawsuit, Fed. R. Civ. P. 65(a)(1), or demonstrate "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the [plaintiff] before the adverse party can be heard in opposition" and "certifies in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1). In either event, injunctive relief cannot issue unless the plaintiff bears his burden of establishing:

>	(1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest.

*Prudential Ins. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1028 (N.D. Iowa) (Bennett, J.) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc)). Plaintiff's initial filing satisfies none of these factors.

Accordingly, to the extent Plaintiff's pro se filing, [ECF No. 1], requests immediate relief in the form of a temporary restraining order or preliminary injunction, that request is DENIED.

IT IS SO ORDERED.

Dated this 8th day of May, 2020.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT